IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUCAS HORTON, | § |
| Plaintiff, | § |
| | § |
| V | § |
| | § |
| RESORT VACATIONS, INC | § |
| Defendant. | § |

3-22CV2914-C

## COMPLAINT

Plaintiff Lucas Horton ("Plaintiff") brings this Complaint against Resort Vacations, Inc (Defendant) for three reasons.  First is their practice of having telephone solicitations made to consumers on their behalf without the required registration certificate to do so. Second, is the Defendant's practice violating numerous provisions in the Telephone Consumer Protection Act ("TCPA"). Third is to obtain damages and other redress caused by Defendant's conduct.  Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.  Plaintiff also makes a claim under Texas Business & Commerce Codes 305 ("TX 305") and 302 ("TX 302")

## JURISDICTION & VENUE

The Court has subject matter jurisdiction over this action pursuant to the(TX 302 and TX 305 as well as  28 U.S.C. § 1331, as the main action arises under the Telephone Consumer Protection Act 47 U.S.C. § 227(b)(1)(A), and 47 U.S.C.  § 227(c)(3)(F)('TCPA'), both of which provide for separate private rights of action.  The court has personal jurisdiction as the Defendant places calls to Texas residents, sells goods and services in Texas, and derives revenue from Texas residents.  They also have a physical presence with an office in Irving, TX

## PARTIES

Plaintiff is an individual who resides in Dallas County, Texas.  Defendant is a corporation

incorporated and existing under the laws of the State of Nevada whose primary place of business and corporate headquarters is located at 27405 Puerta Real Ste 100, Mission Viejo, CA 92691 according the BBB website. The listed RA is CT Corporation System according to the Nevada SOS website.

**FACTS**

1. TX 305.053 states that, " (a) A person who receives a communication that violates 47 U.S.C. Section 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for: $500 for each violation; or... If the court finds that the defendant committed the violation knowingly or intentionally, the court may increase the amount of the award of damages under Subsection (b) to not more than the greater of: $1,500 for each violation;".

2. Under the TX 302, a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. The Defendant does not possess this certificate.

3. It is a violation of Section 227(c) to make or transmit a telephone solicitation to any person who is a subscriber to the do not call registry. 47 U.S.C. 227(c)(3)(F). Individuals have a private right to action "to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater . . . ." 47 U.S.C. 227(c)(5)(B). If the Court finds that the defendant's violation was committed willfully or knowingly, the Court may treble plaintiffs award. 47 U.S.C. 227(c) (5).

4. 47 U.S.C. § 227(b)(1)(A) states that, "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States - to initiate any telephone call to any residential telephone line using an ATDS to make a

telemarketing call without the prior express consent of the called party.

5. 47 CFR 64.1200(d)(2) requires that Defendant trains their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy.

6. Plaintiff is the owner and customary user of a residential cellphone number ending in 3341 and has been on the National Do Not Call list since Dec 2011.

7. In the Spring of 2019, Plaintiff went to Six Flags over Texas and filled out an entry form for a supposed prize drawing held by the Defendant.

8. A few months later, the Plaintiff began receiving telemarketing calls from the Defendant that had nothing to do with the drawing the Plaintiff entered into.

9. When the Plaintiff questioned why he was being sold something when he only entered into a prize drawing, he was hung up on.

10. Plaintiff requested to be placed on their call list on the 4th call he received in May of 2020.

11. At no time did Plaintiff ever provide the Defendant with any kind of written or verbal prior express consent to make telemarketing calls.  He only provided his phone number because he thought he was entering into a drawing for a prize.  There was no prize.

12. Plaintiff was called by 830-468-2162 on August 17, 2020, 817-603-3012 on October 21, 2020, 903-649-3697 on November 6, 2020, by 956-429-2075 on November 13, 2020, by 915-562-7300 on Nov 30, 2020, by 561-663-5148 on February 5, 2021 by 214-670-5499, by 214-670-5499 on March 10, 2021, by 979-353-3534 on March 26, 2021, by 830-259-2037 on May 12, 2021, by 713-937-4041 on June 25, 2021, by 806-880-2575 on August 19, 2021, by 469-687-9905 on Sept 1, by 210-953-1512 on Sep 8, 2021, by 214-645-1604 on October 21, 2021, by 972-213-9896 on December 15, 2021, by 214-378-0331 on March 18th, 2022, by 945-218-3804 on April 27th, 2022, 469-351-7433 on Dec 3rd 2021, 830-612-0511 on April 28, 2022, 830-612-0511 on May 27th, 2022, 682-205-2585 on June 9th, 2022, by 214-926-2120 on July 26, 214-928-2007 on July

28, 2022, by 214-888-2652 on September 1, 2022, 469-960-2002 on September 16th, 2022, by 469-581-8498 on September 18, 2022, by 903-307-1875 on October 27, 2022, by 469-983-7526 on December 2, 2022, and by 469-983-7560 on December 9, 2022.

13. All calls began with a beep, signifying that an ATDS was used, and then the caller would come on the call after a few seconds.

14. Calls either offered vacation packages or free airfare tickets to come to a timeshare presentation.

15. On the December 6th call, the Plaintiff went along with the caller, who was offering free airline tickets and when he was told he had to go to a 90 minute presentation at the Defendant's Irving office, he balked and told the female caller his wife would not go to a timeshare presentation, said he was not interested, and hung up.

16. The same female called the Plaintiff on December 9th with the same offer.  This time, the Plaintiff signed up to go to the presentation and received an invitation via email from the Defendant with the travel voucher info and address of the presentation.

## 17. COMMON FACTUAL ALLEGATIONS

18. Defendant places unwanted telemarketing calls to solicit consumers to purchase vacation packages and time shares.

19. All of the calls at issue were made by the Defendant.

20. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing and abstaining from the use of pre-recorded messages, Defendant repeatedly place calls to consumers who have never provided consent (either orally or in writing) to receive such telemarketing calls. By placing the calls without first obtaining prior express written consent, the telemarketing license and with pre-recorded messages, Defendant plainly violates the TCPA, 47 U.S.C. § 227, *et seq,* TX 305 and TX 302.

21. By making unauthorized telemarketing calls, Defendant has caused the Plaintiff actual harm.

22. This includes loss of productivity, the aggravation, nuisance and invasions of privacy that result from the receipt of such calls. This is in addition to the wear and tear on his telephone, consumption of battery life, lost ability to place outgoing calls or texts and other interruption in use, cellular minutes, loss of value realized for the monies he paid to his carrier for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans. Robocalls take actual time to deal with and lost time is a real injury. Plaintiff is a custom jeweler and many time the phone rings while he is designing a piece of jewelry. Not only is this annoying. But many times, he will lose where he is in the design as he must let go of his mouse. He also loses his track of thinking.

23. Furthermore, Defendant made the calls knowing that the calls trespassed against and interfered with Plaintiff's use and enjoyment of, the ability to access his telephone, including the related data, software, applications, and hardware components. As such, Defendant not only invaded the personal privacy of Plaintiff, they also intentionally, repeatedly, and willfully violated the TCPA.

24. The calls were made by or on Defendant's behalf and with their knowledge and approval.

25. Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the making of the calls by receiving monetary benefits from these calls.

26. In response to Defendant's unlawful conduct, Plaintiff files the complaint and seeks an injunction requiring Defendant and its proxies to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the Plaintiff, together with costs, and pre- and post-judgment interest.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)(1)(A)**
**Telephone Consumer Protection Act**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. Using an ATDS, the Defendant, or its proxy, called the Plaintiff with the Defendant's consent, knowledge, and for its benefit without having any consent to do so from the Plaintiff. The calls were made for the express purpose of selling insurance plans that they financially benefit from. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for the offense. However, in light of the willful nature of the offense , treble damages of $1500 are more than appropriate under 47 U.S.C. § 227(b)(3)(C) for willful and/or knowing conduct. The calls came from spoofed Texas phone numbers, which is an attempt to hide their identity because they know what they are doing is illegal. They also use a fake business name for the same reason.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C.. § 227(c)(3)(F)**
**Telephone Consumer Protection Act**

Plaintiff incorporates the foregoing allegations as if fully set forth herein. The Plaintiff has been on the National Do Not Call List Since June of 2020 because he does not want to be called or texted by entities who do not have his permission. As a result of the damages suffered by the Plaintiff, he is entitled to recover $500 in a civil fine for each offense under 227(c)(3)(5)(B). However, in light of the willful nature of the offense, treble damages of $1500 are more than appropriate.

**THIRD CAUSE OF ACTION**
**Violation of TX 305**
**Texas State TCPA Law**

Texas Business and Commerce Code § 305.053 creates a right of action for "a person who receives a communication that violates [the TCPA as codified at] 47 U.S.C. Section 227 [or] a regulation adopted under that provision ... against the person who originates the communication ...." Tex. Bus. & Com. Code § 305.053(a). Therefore, the elements of a 305.053 claim "correspond to the necessary elements for a TCPA claim." *Callier v.*

*GreenSky, Inc.*, No. EP-20-CV-00304-KC, 2021 U.S. Dist. LEXIS 126769, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021).  Plaintiff is entitled to an award of $500 in damages for each violation under § 305.053(b)(1).  Plaintiff also requests the Court award treble damages of $1500 based on Defendant's knowing and/or intentional violations under §305.053(c)(1). Plaintiff also seeks a permanent injunction requiring Defendant to cease placing illegal telemarketing calls.

### FOURTH CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Train Telemarketing Personnel

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  47 CFR 64.1200(d)(2) requires that Defendant trains their personnel engaged in telemarketing on the written policy and the existence of the Do Not Call Policy. Defendant did not do so, resulting in violations against Plaintiff. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B). However, in light of Defendant's legal history of TCPA complaints and the willful nature of the offense, treble damages of $1500 are more than appropriate.

### FIFTH CAUSE OF ACTION
### Violation of TX 302
### Telemarketing Without the Mandated Business License

Plaintiff incorporates the foregoing allegations as if fully set forth herein.  TX 302 prohibits sellers from engaging in telephone solicitations from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.  It also provides that a person who violates this chapter is subject to a civil penalty of no more than $5000 per violation. Furthermore, it provides that the party bringing the action is entitled to recover all reasonable costs of prosecuting the action, including court costs, investigative costs, deposition expenses, witness and

attorney fees.

## Prayer For Relief

WHEREFORE, Plaintiff Lucas Horton prays for judgment against the Defendant as follows:

A.  An injunction enjoining the Defendant and their affiliates from engaging in the unlawful conduct set herein;

B.  Treble damages award of $1500 per call for Causes of Action 1-4 for the 28 calls received by the Plaintiff.

C.  An award of $5000 per call (28) for the 5th cause of action.

D.  An award of damages to the Plaintiff, as allowed by under the TCPA.

E.  An award to the Plaintiff of interest, costs and attorney's fees, as allowed by law and equity.

F.  Such further relief as the Court deems necessary, just, and proper.

## Demand For Jury Trial

Please take notice that the Plaintiff demands a jury trial in this case

Dated: 12/29/2022           Respectfully submitted,

_____

Lucas Horton
lukeduke365@yahoo.com
1202 Stratford Dr
Richardson, TX 75080
Tel: (214) 909-3341

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Lucas Horton

### DEFENDANTS
Resort Vacations, Inc

**(b)** County of Residence of First Listed Plaintiff: **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Orange**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lucas Horton, pro se litigant
1202 Stratford Dr, Richardson, Tx 75080 214 909 3341

Attorneys *(If Known)*

RECEIVED DEC 29 2022
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | **SOCIAL SECURITY** | [x] 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | | 790 Other Labor Litigation | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. § 227
Brief description of cause:
TCPA violations of making calls with an ATDS to a consumer on the DNC list

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 308,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/29/2022
SIGNATURE OF ATTORNEY OF RECORD: Lucas Horton, pro se plantiff

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____